## NETTIE L. SCOTT *v.* TERRITORY OF HAWAII.

### ORIGINAL.

TRIED OCTOBER 25, 26, 1909.            DECIDED OCTOBER 29, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

CONTRACT—*teacher's appointment—estoppel.*

> An accepted appointment as principal of a school is by rules
> and regulations of the department of public instruction subject to
> removal or transfer whenever the efficiency of the department
> would thereby be promoted.   An appointee by bringing action
> claiming that a removal in contemplation of transfer was wrong-
> ful is estopped by the pleading from claiming that the depart-
> ment had not acted by a quorum.

### OPINION OF THE COURT BY HARTWELL, C.J.

The material averments in the petition are that in July last
the department of public instruction reappointed the plaintiff
as principal of the Holualoa school in the district of Kona,
county of Hawaii, for one year from September 1 last at a
salary of $1500, and that the petitioner being notified of the
appointment by the department of public instruction imme-
diately accepted it; that September 3 last Charles E. King,

an agent of the department, gave to the petitioner the oral message that the department had removed her from the principalship; that September 6 last she was informed by A. F. Judd, one of the commissioners of public instruction, purporting to speak for the department, "We adhere to our decision announced to you by Mr. King on last Friday. You are removed as principal of the Holualoa school," and that September 8 W. H. Babbitt, superintendent of public instruction, notified the petitioner that "Arrangements have been made to have the Holualoa School opened Monday, September 13th, by one of the assistant teachers, and Mr. H. M. Wells has been appointed principal of the Holualoa School for the year. He will take charge Wednesday, September 15;" that September 13 the petitioner was at the school prepared to perform the duties required under her appointment but found there another person having written authority from the department to take charge of the school and who did then take charge and prevented the petitioner from doing any acts or performing any duties under her appointment and that ever since then that person and H. M. Wells, who succeeded him, acting under the instructions of the department, have prevented petitioner from performing any duties under her said appointment; that petitioner has done nothing to justify her removal or to justify the department in preventing her from performing the duties devolving upon her under her appointment, and that by reason of the wrongful acts of the superintendent of public instruction and the commissioners and the agents of the department in removing the petitioner from the school and preventing her from doing her part of the contract of employment under her appointment as its principal she has been damaged in the sum of $1500, which she claims with costs.

We find from the evidence that last July the petitioner was appointed by the department of public instruction principal of the Holualoa school for one year from September 13 last,

when the school was to open, and that by not declining the appointment she is regarded as having accepted it; that September 3 the superintendent and the two commissioners of Oahu after conducting an investigation into the affairs of the Holualoa school voted to transfer plaintiff to the principalship of some other school in the Territory; that September 3 she was notified of her removal by an agent of the department; that on September 8 the superintendent wrote to her as follows:
"Mrs. Nettie L. Scott,

Holualoa, Hawaii.

Dear Madame:—"This is to formally notify you that after the hearings regarding Holualoa School, given yourself and Mrs. Maydwell and numerous friends of both, the decision of the Department of Public Instruction was, as you were orally notified on September 7th, 1909, that the best interests of the Department demand that you be transferred from the Holualoa School to some school without the district of Kona. This action was taken under Section 3, page 31 of the Rules and Regulations of the Department under the heading 'Dismissal and Transfer of Teachers' as follows:

'A teacher may be transferred from one school to another when it shall seem that the efficiency of the Department will be promoted thereby.'

"The action taken was not in any sense based on the charge of unusual or excessive punishments which charge was felt not to have been substantiated nor was it the result of any charge presented by Mrs. Maydwell.

"The Department's action was based upon your own statements concerning the school and your work there as principal. For five years there was in your school an assistant teacher considered by you deficient although capable of better work. For this teacher you had a lack of friendly feeling and as little social intercourse in school matters as possible. In 1907 you considered this teacher to have committed an act of insubordination. This fact you, as principal, failed to call to the attention of the Department and in this did not carry out the responsibilities of the principalship.

"You will please understand that this action was in no sense a dismissal.

"Your work as an instructor has been extremely creditable and satisfactory. The Department considers that from this fact and your length of service you merited great consideration and should be placed as principal in some school where you could continue in the public service.

"You were notified on September 7 of the willingness of the Department to give you a principalship elsewhere and you promised to notify the Superintendent on the evening of the 7th or the morning of the 8th whether or not you wished to accept such a position. No notice has been received by the Department in accordance with this promise and you have left the city. The Department has therefore had to proceed on the assumption that you do not desire another principalship. Arrangements have been made to have the Holualoa School opened Monday, September 13th by one of the assistant teachers and Mr. H. M. Wells has been appointed principal of the Holualoa School for the year. He will take charge Wednesday, September 15th.

"Very respectfully yours,

"W. H. BABBITT,

"Superintendent of Public Instruction;"

that the department, receiving no answer from the letter of September 8, appointed another principal to the school who thereupon took charge of it and prevented the petitioner from taking charge.

Instead of complying with the request of the superintendent and notifying him whether she would accept some other school, none having then been designated, the petitioner elected to regard her removal from the Holualoa school as a breach of her contract of employment and on September 28 brought this action for damages. If she had not taken this course she might have been regarded as continuing in the employment of the department and entitled to her salary until another school should be offered to her. It was unnecessary that the contemplated transfer be made immediately. The bringing of the action, however, absolved the department from any obligation to obtain for her another school she having treated her relation

to the department as closed, thereby in effect refusing to consider any proposal, if made, for another school.

July 14 the board of commissioners passed a resolution leaving to the superintendent and the two commissioners of Oahu the reassignment of teachers and no action in the matter has been taken by "the superintendent and three commissioners or, in the absence of the superintendent, four commissioners," who, under Sec. 188 R. L., as amended by Act 42 S. L. 1909, "constitute a quorum for the transaction of business." The petitioner in argument claimed that her removal was not the act of the department, which could not delegate its power of removal or transfer to any committee consisting of any less number than would form a quorum. It may be true that the petitioner could have treated the removal and attempted transfer as not the act of the department until its ratification of the action taken by the committee. But she has brought this action based upon the claim that the department wrongfully removed her from the school and therefore is estopped from claiming that it had not removed her. If instead of bringing the action the petitioner had insisted that the department had taken no action authorized by the statute, and this were held to be the case, she might have been entitled to her salary until the department had acted by a quorum.

Under the rules and regulations of the department "a teacher may be transferred from one school to another when it shall seem that the efficiency of the department will be promoted thereby." The court has no power to review the action of the department in transferring teachers unless perhaps to inquire whether the action was taken arbitrarily, or, as appears from the evidence to be the case, in good faith.

Judgment for defendant.

*M. F. Scott,* by leave of court, for plaintiff.

*Lorrin Andrews, Deputy Attorney General,* for defendant.